UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Alexis Waters, | : |
| Plaintiff, | : Civil Action No.: 3:14-cv-00111 |
| v. | : |
| Bluestem Brands, Inc. d/b/a Fingerhut; and DOES 1-10, inclusive, | : COMPLAINT |
| Defendants. | : January 29, 2014 |

For this Complaint, the Plaintiff, Alexis Waters, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Alexis Waters ("Plaintiff"), is an adult individual residing in Stamford, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), is a Delaware business entity with an address of 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Bluestem and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Bluestem at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Bluestem for collection, or Bluestem was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. The Facts

12. In or around February 2013, Bluestem contacted Plaintiff in an attempt to collect the Debt.

13. At all times mentioned herein, Bluestem placed calls to Plaintiff's cellular telephone, number 203-xxx-7802, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded message.

14. Oftentimes when Plaintiff answered a call from Bluestem she experienced a brief period of silence before being connected to a live representative.

15. Other times when Plaintiff answered, she heard a prerecorded message asking her to please hold.

16. During a conversation with Bluestem in mid-September 2013, Plaintiff informed them that she had entered a payment plan with Bluestem and had been making payments towards the Debt.

17. Further, Plaintiff requested that Bluestem cease calls to Plaintiff's cellular telephone number.

18. Nonetheless, Bluestem continued to place calls to Plaintiff's cellular telephone knowing that it no longer had consent to do so.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that

**Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.**

**22.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.**

**23.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.**

**24.     The Plaintiff is entitled to damages as a result of Defendants' violations.**

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

**25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**26.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."**

**27.     Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.**

**28.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.**

**29.     The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the**

plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

32. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

35. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

36. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

39.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

40.     Defendants' telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period

of silence before Defendants' telephone system would connect her to the next available representative.

41. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Defendants placed calls to Plaintiff's cellular telephone using a predictive dialer and/or a prerecorded voice knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

43. The telephone number called by Bluestem was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

44. The calls from Bluestem to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. **Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;**

2. **Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;**

3. **Actual damages pursuant to Conn. Gen. Stat. § 42-110g;**

4. **Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);**

5. **Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;**

6. **Punitive damages; and**

7. **Such other and further relief as may be just and proper.**

    **TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: January 29, 2014**

**Respectfully submitted,**

**By   /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG LAW L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile:  (203) 653-3424**
**Attorney for Plaintiff**